## CIRCUIT COURT OF GLOUCESTER COUNTY

J. L.

v.

Larry D. Jackson,
Commissioner,
Department of Social Services,
Commonwealth of Virginia

June 28, 1991

Case No. (Chancery) 5851

### By JUDGE JOHN M. FOLKES

J. L. appeals from a finding against him by the Gloucester Department of Social Services ("Agency") of "founded-physical abuse," in reference to the above-captioned matter. The local Agency's finding was previously appealed by J. L. to the Commissioner of the Department of Social Services ("the Commissioner"), Commonwealth of Virginia, and the Agency's finding was upheld by a Hearings Officer's "Conclusions and Decisions" dated January 28, 1991. This Court is empowered to further review the Commissioner's decision pursuant to § 63.1-248.6:1(B) and Section 9-6.14:15 of the Code of Virginia (1950), as amended.

There is little dispute concerning the facts (set out in appellee's brief) from which the Agency's finding was made and later upheld by the Commissioner.

There are, in the Court's opinion, three issues to be decided by this appeal:

(1) Whether the Agency acted in compliance with applicable law?

(2) Was there any harmful or prejudicial procedural error made by the Agency?

(3) Whether the evidential support for Agency's finding was sufficient?

The first issue can be easily disposed of. The action taken by the appellee is clearly in compliance with the law applicable to such matters. Section 63.1-248.1, Code of Virginia (1950), as amended.

The second issue regarding whether the Agency committed procedural errors which were not harmless presents a question of more complexity. Appellant complains that he did not receive proper notice of the formal hearing process required by Virginia Code § 9-6.14:12(B). The Hearing Officer's notice of October 26, 1990, was deficient in that it did not strictly comply with the statute, however, these omissions are, in the Court's opinion, harmless and the record does not disclose that counsel for the appellant made any objection or claim of surprise prior to the hearing on November 19, 1990. Appellant also complains that the statute provides a right of cross-examination which was denied at the hearing, i.e., he was denied the right to cross-examine his accusers by the lack of any power to require the Hearing Officer to subpoena witnesses. The hearing, however, is *not* a criminal trial and, accordingly, the absence of appellant's right to cross examine persons *other than those called to testify by the Agency* does not infringe upon the appellant's constitutional right to confront his accusers. The administrative hearing is a creature of statute which can be revised only by the legislature unless the statute is unconstitutional, which is not readily apparent to this Court.

Lastly, was the evidentiary support for the Agency's findings sufficient, i.e., do the facts in this matter justify the finding of "founded-physical abuse" against the appellant? Having reviewed all the evidence, this Court must conclude that the Agency's finding is not supported by the facts.

The opinion of Judge John F. Daffron, Jr., of the Twelfth Judicial Circuit in the matter of *In re Stephen C. Turner* (CH 89-896) cited by the appellee comprehensively sets out the "standard of review" and the "sufficiency and weight of the evidence" applicable to this appeal.

The following language lifted from *Turner* represents the principles of law which control the instant case:

> According to statutory law, the party challenging an agency's decision has the burden to demonstrate an error of law subject to review. The scope of the review is "limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did. Virginia Code § 9-6.14:17.
>
> Case law supports this "substantial evidence test." *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242 (1988); *Roanoke Memorial Hospitals v. Kenley*, 3 Va. App. 599, 610 (1987). "Substantial evidence" refers to "such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion." The court can only reject the findings of fact of the agency when a "reasonable mind would *necessarily* come to a different conclusion." *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269 (1983); *Johnston-Willis v. Kenley*, 6 Va. App. 231, 242 (1988); *Roanoke Memorial Hospital v. Kenley*, 3 Va. App. 599, 610 (1988).
>
> When reviewing the agency's decision, the court must "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted." Virginia Code § 9-6.14:17; *Johnson-Willis v. Kenley*, 6 Va. App. 231, 242 (1988). In addition, the reviewing court must consider the evidence in the light most favorable to the finding by the agency. *Virginia Employment Commission v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554-555 (1987).

The uncorroborated allegation that the appellant placed the child's hand upon his clothed penis while privately testing her at school resulted in the appellant's indictment for aggravated sexual abuse under § 18.2-351, Code of Virginia (1950), as amended. When an indictment

was first presented to a grand jury, a true bill was not returned. An indictment was again presented to a second grand jury which did, in fact, return a true bill. Appellant was tried on this indictment and found not guilty in *this Court* by *this presiding judge.* The Agency's determined effort to designate the appellant as a child abuser despite his acquittal is not fair by any objective standard. The Agency's purpose to protect children from molesters and perverts is a legitimate public policy; however, this policy must be reconciled with the appellant's right to rely upon time-honored constitutional principles embracing justice and fair play which pervade the law of this Commonwealth. *J. L. has been found not guilty!* Nevertheless, the Agency urges that the appellant's criminal acquittal is unrelated to its finding of "founded-physical abuse." The Court has not been cited any case law in support of the position urged by the Agency, to wit, a case in which the Agency has successfully maintained in full force and effect a pejorative finding contrary to a Circuit Court's ruling in the criminal case arising out of the *same facts.* J. L.'s acquittal is indeed a Pyrrhic victory if he is effectively denied his chosen occupation as a teacher of the learning disabled by the Agency's decision, i.e., since the accusation, his position has become reduced to little more than a sinecure.

Moreover, at the trial, the Court heard all the witnesses' testimony which was generally barren of any believable evidence of "sexual abuse" as defined by the Code of Virginia.

1. The Court determined that the alleged touching was inadvertent, fleeting, and not sufficient to establish a case of "sexual battery."

2. There was a total lack of credible evidence of any "sexual molesting," "arousal," or "gratification" contemplated by the statutory definition of "sexual abuse." *See* § 18.2-67.10(6).

3. The child's testimony was woefully inadequate to sustain the criminal charge.

4. The Agency relied heavily upon its evaluation of the testimony of a Mr. Bond, the child's classroom teacher. The Agency's belief in what Mr. Bond's testimony would be at the trial and Mr. Bond's actual testimony bore little, if any, resemblance, i.e., Mr. Bond substan-

tially contradicted and attenuated the child's version of what occurred on the day of the alleged touching. *See* transcript of trial.

5. Character testimony offered in J. L.'s behalf was abundant and impressive.

Even assuming the appellee need only prevail by a "preponderance of the evidence," the facts advanced to sustain this finding are thin and brittle. There is nothing in J. L.'s personal history nor any other circumstance save the child's discredited testimony upon which to uphold the finding. While it is generally true that the disposition of a criminal charge does not control the outcome of a collateral civil proceeding, to ignore the appellant's exoneration in the matter would extend judicial deference to a rigid extreme.

In conclusion, despite the appellant's acquittal of the charge that arose out of the facts described *supra*, the Agency insists that he remain designated as a child abuser. Accusations of loathsome crimes are best resolved by the criminal court's search for truth, and to allow the appellant's reputation and employment to be perpetually sullied after being adjudged not guilty is neither reasonable nor just. Notwithstanding, however, the favorable outcome of the criminal case, this Court concludes that "substantial evidence" of abuse is lacking, and viewing the record as a whole, the agency has not justified its finding by a preponderance of the evidence. A "reasonable mind would necessarily come to a different conclusion."

Accordingly, the appellee Commissioner's finding is reversed, to wit, the appellant's prayer is granted and the finding is ordered changed to "unfounded."